UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EBONY DAWNESE DAVIS,

    Plaintiff,                                        Civil Action No. 18-CV-14055

vs.                                                      HON. BERNARD A. FRIEDMAN

MICHIGAN MEDICINE
UNIVERSITY HOSPITAL,

    Defendant.

_____/

## **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is presently before the Court on defendant's motion to dismiss [docket entry 6]. Plaintiff has not responded to this motion, and the time for her to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is an employment discrimination action. Plaintiff alleges that defendant discharged her and "intentionally discriminated against [her], allowed a hostile work environment, and retaliated against [her]." Compl. ¶¶ 3 and 30. She alleges she "was subject to racism, retaliation, and harassment from [defendant's] supervisor's [sic] Tracey Mckeon, Nathan Mcqueen and Pinky Publico." *Id.* ¶ 4. Plaintiff asserts claims under the Michigan Elliott-Larsen Civil Rights Act and 42 U.S.C. § 1981. For relief, she seeks damages, costs, and attorney fees.

The complaint names "Michigan Medicine University Hospital," which it identifies as a "Corporation in Ann Arbor, Michigan, Washtenaw County." Compl. ¶ 11.

Defendant asserts that its correct name is University of Michigan Hospital, "an entity created and controlled by the Board of Regents of the University of Michigan." Def.'s Br. at 1 n.1. Defendant seeks dismissal on the grounds that it is a department of the University of Michigan, not a separate entity capable of being sued. Defendant also argues that if the University of Michigan is the intended defendant, it is entitled to Eleventh Amendment immunity for plaintiff's § 1981 and Elliott-Larsen claims.

Plaintiff appears to concede that defendant's correct name, and the entity she intends to sue, is the University of Michigan Hospital. This corrected name appears on the summons and on plaintiff's application for leave to proceed *in forma pauperis*. The Court may take judicial notice of the fact that while there is no hospital in Washtenaw County by the name of "Michigan Medicine University Hospital," the University of Michigan Hospital uses "Michigan Medicine" as a trade name.

By not responding to the instant motion, plaintiff has conceded that the hospital is a creation of the University of Michigan ("the university"). The university is, in turn, a state entity that enjoys Eleventh Amendment immunity. *See Estate of Ritter by Ritter v. Univ. of Michigan*, 851 F.2d 846, 851 (6th Cir. 1988) ("We conclude that the eleventh amendment does apply and the Board is entitled to claim this immunity unless it has been waived."); *Ewing v. Bd. of Regents of Univ. of Michigan*, 552 F. Supp. 881, 884 (E.D. Mich. 1982) ("Because the Board has been recognized as an independent branch of state government by the Michigan courts, and because the state is obligated to see that it has sufficient funds to survive, I hold that it is a state instrumentality within the meaning of the

Eleventh Amendment."). The Sixth Circuit has specifically held that § 1981 claims against a public university are barred by the Eleventh Amendment. *See McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012).

There is no indication that the university has waived its immunity, and it affirmatively states in the instant motion that it has not done so. By failing to respond to defendant's motion, plaintiff implicitly concedes that defendant has not waived its immunity and that the instant lawsuit is barred by the Eleventh Amendment. Accordingly,

IT IS ORDERED that defendant's motion to dismiss is granted.

s/Bernard A. Friedman
Dated: April 18, 2019 BERNARD A. FRIEDMAN
Detroit, Michigan SENIOR UNITED STATES DISTRICT JUDGE